# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES M. WORTHEM, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 08-cv-385-DRH ) |
| ROGER E. WALKER, *et al.*, | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Plaintiff James Worthem, currently an inmate in the Pontiac Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ___, 2009 WL 1361536, *13 (May 18, 2009). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**FACTS ALLEGED**

When Worthem arrived at the Pinckneyville Correctional Center on June 22, 2007, he was confronted by several inmates in the chow hall, including Inmate Padilla. They told Worthem that they were aware that he was cooperating with the FBI on the streets with regard to gang activity, and that he would be seriously injured if he went into general population. Worthem wrote a letter to Defendant Ramaker, who came to his cell with another officer, and Worthem explained the situation in detail. Ramaker made some calls, told Worthem that Internal Affairs would be in the next day, and advised Worthem to return to his cell in the Receiving unit. In Receiving, Inmate Jones told him about two gang members in Cook County Jail awaiting trial in federal court, and that there was a contract out for the guy responsible; Worthem alleges that he, himself, is that guy, but that Jones did not know this.

The next day, Worthem spoke with Defendant MacDonald and another investigator about the situation. MacDonald agreed to investigate the matter, but he did not get back to Worthem for three weeks. In the interim, Worthem was assigned to general population, where he began to encounter gang affiliates of the two detainees in Cook County. Inmates Padilla and Mercado told Worthem that he was in danger, because they knew he was an informant. Worthem reported his incident to Defendant Bradley, who said he would speak with MacDonald.

On July 14, 2007, Worthem was moved to the segregation unit in preparation for a transfer to administrative segregation for his protection. The next day, Defendants Johnson, MacDonald and

Bradley told Worthem he was being transferred to a safer place; within an hour, he was on a transport van to Lawrenceville. On July 16, at Lawrenceville, he spoke with Defendant Dallas. Dallas told him he would remain in segregation at that facility until Internal Affairs completed their investigation at Pinckneyville.

On July 25, Worthem was placed on a transport van for a court writ; apparently he changed buses at Logan to go to Pontiac. While waiting for the bus at Logan, other inmates arrived. Worthem was then "viciously attacked" by several inmates, who beat him with their handcuffs. He was then dragged to and onto the bus, where he was placed in a one-man holding cage.[1] Worthem felt light-headed and sensed wetness on his face and neck. He asked Defendant Carson for a towel or napkin, and also told Carson he needed medical attention; Carson did not honor his requests. Twenty minutes later an officer took him off the bus. Outside the bus, he discovered that Mercado and Padilla, two of the inmates who had threatened him at Pinckneyville, were among the group who had assaulted him. Apparently they were also being transferred to Pontiac, on the same day, on the same bus. Worthem was first taken to the medical unit. Although he needed stitches, he insisted first on going to Internal Affairs, where he spoke with Defendant Shadoan. Afterwards, he returned to the medical unit for treatment, and then he was taken to Pontiac.

On July 26, at Pontiac, he once again encountered Padilla as each was being escorted by an officer. Worthem advised his escort of the threat against him by Padilla. On August 2, Defendant Yorkavich spoke with Worthem about the situation. Yorkavich warned Worthem that he might receive a disciplinary ticket for the incident at Logan, but then assured him that he would not receive a ticket. However, when he returned from court on August 3, and officer presented him with a ticket

---

[1] It is unclear who placed him on the bus, but the Court assumes that correctional officers (not the attacking inmates) were responsible.

written on July 26 by Defendants Wright, Johnson, Lake and Thomas, charging him with creating a dangerous disturbance. No further information is provided regarding this ticket.

Worthem returned to Lawrenceville on August 8, 2007. After a few days, Dallas told him that he was being released to general population. Dallas advised him that Inmate "Prince" from the Satan Disciples was also at that prison, but that he would not cause problems for Worthem. Worthem protested his release to general population unsuccessfully, but he maintained a low profile and did not experience any problems.

On September 10, Worthem was transferred to Stateville to serve the remaining time of his sentence. He was dismayed to learn that he was sent through the normal bus transfer route, but no problems occurred. He remained at Stateville without incident until September 21, 2007, when his sentence expired. He was then transferred to Cook County Jail to face pending criminal charges, of which he was convicted and then returned to IDOC custody on May 8, 2008. He first went to Stateville, where he was asked if he wished to be placed in protective custody. He was later transferred to the Illinois River Correctional Center through the regular bus route. Again, he was upset to be transported through this system, believing that he might be assaulted again, but no harm came to him.

**LEGAL CLAIMS**

Worthem's primary claim is that Defendants failed to protect him from other inmates who threatened his safety. In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty ... to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Luttrell v. Nickel,* 129 F.3d 933, 935 (7th Cir. 1997). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer,* 511 U.S. at 834. In order for a

plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id.; Reed v. McBride,* 178 F.3d 849, 852 (7th Cir. 1999). A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer,* 86 F.3d 90, 92 (7th Cir. 1996). In other words, Defendants had to know that there was a substantial risk that those who attacked Plaintiff would do so, yet failed to take any action. *Sanville v. McCaughtry,* 266 F.3d 724, 733-34 (7th Cir. 2001).

In reviewing the chronology of events leading up to the assault at Logan, Defendants Bradley, Dallas, Warden Johnson and MacDonald were clearly aware of the threats made against Worthem by Padilla and Mercado. Thus, the Court is unable to dismiss this claim against them at this time. However, Ramaker's only involvement was to respond quickly to Worthem's letter and summon Internal Affairs at Pinckneyville; that act certainly is not deliberate indifference. Shadoan only got involved at Logan after Worthem was assaulted; there is no allegation that he was on notice of any threat to Worthem from any source. Likewise, at Pontiac, Yorkavich took measures to keep Worthem separated from Padilla, and there is no allegation that Worthem suffered any harm from any inmate at Pontiac. Accordingly, Ramaker, Shadoan and Yorkavich will be dismissed from this action with prejudice.

Worthem's next claim is against Defendant Carson, who did not give him a towel or take him for immediate medical treatment following the assault at Logan.

> A deliberate indifference claim requires both an objectively serious risk of harm and a subjectively culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). A deliberate indifference claim premised upon inadequate medical treatment requires, to satisfy the objective element, a medical condition "that has been diagnosed by a physician

> as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno*, 414 F.3d at 653. The subjective component of a deliberate indifference claim requires that the prison official knew of "a substantial risk of harm to the inmate and disregarded the risk." *Id.*; *Farmer*, 511 U.S. at 834.

*Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007).

Worthem's allegations against Carson are brief – he denied Worthem a towel to wipe his face and neck, and he did not take him for immediate medical treatment. These allegations do not rise to the level of deliberate indifference, particularly when other officers took him to the medical unit just 20 minutes later. Worthem has failed to state a claim against Carson, and he will be dismissed from this action with prejudice.

Worthem's next claim is against Wright, Lt. Johnson, Lake and Thomas regarding the disciplinary ticket they issued. When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). In this case, Worthem provides no further information about this incident regarding the results of the hearing or any punishment imposed. Therefore, he has failed to state a claim that he was deprived of any constitutionally protected interest, and this claim will be dismissed with prejudice.

Worthem's final claim is that, as director of IDOC, Defendant Walker is aware of his situation. Moreover, Walker should ensure that his subordinates take precautions to ensure the safety and security of inmates in their charge. This is essentially a claim of negligence, but such a claims is not actionable under § 1983. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995). Furthermore, "public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). *See*

*also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (doctrine of respondeat superior does not apply to § 1983 actions). Thus, Worthem has failed to state a claim against Walker, and he will be dismissed from this action with prejudice.

### OTHER ALLEGATIONS

Worthem has included some allegations regarding the legality of the criminal proceedings against him in 2007-08, but a civil rights action is not the proper method to challenge his criminal conviction. He also complains about his conditions of confinement at Illinois River, but he names no defendants from that institution. Moreover, that facility is located within the Central District of Illinois; any claims arising from that facility should be filed in that District. Finally, he seeks criminal charges against the inmates who assaulted him but, again, that relief is not available in a civil rights action.

### DISPOSITION

**IT IS HEREBY ORDERED** that Defendants **CARSON, LT. JOHNSON, LAKE, RAMAKER, SHADOAN, THOMAS, WALKER, WRIGHT** and **YORKAVICH** are **DISMISSED** from this action with prejudice. Likewise, his claims regarding medical treatment and the disciplinary ticket are **DISMISSED** from this action with prejudice. Plaintiff is advised that, within the Seventh Circuit, dismissal of these claims and defendants count as a strike for purposes of § 1915(g). *See George v. Smith,* 507 F.3d 605, 607-08 (7th Cir. 2007); *Boriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004).

**IT IS FURTHER ORDERED** that the Clerk shall prepare for Defendants **BRADLEY, DALLAS, MS. JOHNSON** and **MACDONALD**: (1) a Notice of Lawsuit and Request for Waiver of Service of Summons; and (2) a Waiver of Service of Summons. The Clerk is directed to mail said

forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's work address or employer address as provided by Plaintiff. If a Defendant fails to sign and return the Waiver to the Clerk within 30 days from the date said forms were sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the address provided by Plaintiff, the Correctional Center shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above, or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date on which a true and correct copy of any document was served on Defendants or their counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for

disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff's motion to commence action (Doc. 21) is now **MOOT**.

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED:  June 1, 2009.**

                                         /s/      DavidRHerndon
                                         **CHIEF JUDGE**
                                         **UNITED STATES DISTRICT COURT**