IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JAMES M. WORTHEM,**

**Plaintiff,**

**v.**

**YOLANDA JOHNSON, RICHARD MCDONALD, JASON BRADLEY, and ALAN DALLAS,**

**Defendant.**                                              **No. 08-385-DRH**


**ORDER**


**HERNDON, Chief Judge:**

Before the Court is Defendants Yolanda Johnson, Richard McDonald, Jason Bradley, and Alan Dallas' (collectively "Defendants") motion to strike court document numbers 38, 43, 45 (Doc. 47). Defendants argue that Plaintiff has filed an opposition to Defendants' motion for summary judgment (Doc. 38) as well as an affidavit in support of his response (Doc. 43) and a motion for leave to file affidavit (Doc. 45), all of which were filed *pro se* while Plaintiff was represented by Attorney Vincent A. Banks. The Defendants note that Attorney Banks' signature was not on either of the responses or the motion. As the pleadings were not signed by the

attorney of record in this case, Defendants argue that the response and filings should be stricken. Plaintiff has not responded to Defendants' motion but has filed three more motions, including a motion to supplement objections to Defendants' motion for summary judgment (Doc. 48), a motion to enter further exhibits to oppose Defendants' motion for summary judgment (Doc. 54), and a recently filed *pro se* motion to offer the crucial evidence against the Defendants (Doc. 57).

The Court notes that Defendant are correct that the Court appointed Attorney Vincent A. Banks to represent Plaintiff and Magistrate Judge Wilkerson affirmed that appointment on July 22, 2009 (See Docs. 16 & 35). Following those Orders, Attorney Banks failed to enter an appearance on behalf of Plaintiff. On September 14, 2009, Magistrate Judge Wilkerson Ordered Attorney Banks to show cause why he had failed to enter an appearance in the matter. Judge Wilkerson noted that Defendants had filed a motion for summary judgment and Plaintiff was continuing to proceed as if he did not have counsel, even though Attorney Banks had been appointed to represent him (Doc. 49). Subsequently, on September 29, 2009, Attorney Banks entered his appearance (Doc. 51) and filed a response to Judge Wilkerson's Order, stating that his original letter of appointment had been mailed to his former law firm and that he had difficulty using the Court's electronic case filing system and required time to become familiar with the system before filing his appearance (Doc. 52). Judge Wilkerson acknowledged Attorney Banks' appearance and admonished Attorney Banks to contact his client immediately.

While Attorney Banks failed to enter his appearance when originally

pointed as counsel and Plaintiff continued to proceed with his case as if a *pro se* litigant, the Court notes that Attorney Banks has now filed his appearance as attorney for Plaintiff.  Further, as the Court appointed counsel for Plaintiff, the Court does not normally accept *pro se* filings from parties already represented by counsel. While the Court acknowledges that Attorney Banks had not yet filed his appearance when Plaintiff filed his responses, affidavit, and the majority of his motions seeking to supplement his response, in light of the fact that Attorney Banks has now entered his appearance, the Court finds it proper to **STRIKE** Plaintiff's response and *pro se* motions, but will allow Plaintiff additional time in which to file a proper response to Defendant's motion for summary judgment, signed by Attorney Banks.  Therefore, the Court G**RANTS** Defendants' motion to strike Court document numbers 38, 43, and 45 (Doc. 47); the Court also finds it proper to **STRIKE** Plaintiff's subsequent *pro se* motions (Docs. 48, 54, & 57)  Thus,  Plaintiff's response and affidavit in support of his response to Defendants' motion for summary judgment (Docs. 38 & 43), motion for leave to file affidavit (Doc. 45), motion to supplement objections (Doc. 48), motion to enter further exhibits to oppose defendants motion for summary judgment (Doc. 54), and *pro se* motion to offer the court crucial evidence (Doc. 57) are hereby **STRICKEN** from the docket.  In addition, Plaintiff will have up to and including **November 5, 2009** in which to file a response to Defendant's motion for summary judgment (Doc. 36).  Further, the Court advises Plaintiff Worthem that he may not, in the future, file any pleadings *pro se* in this matter.   All further

proceedings should be filed and signed by appointed counsel.

**IT IS SO ORDERED.**

Signed this 8th day of October, 2009.

/s/     David R Herndon

**Chief Judge**
**United States District Court**