IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES M. WORTHEM, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MS. JOHNSON, I/A MACDONALD, LT. ) <br> BRADLEY, and MR. DALLAS, ) <br> ) <br> Defendants. ) | Case No. 3:08-cv-385 DRH |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge**:

Currently pending before the Court is Plaintiff's *pro se* Motion for a Preliminary Injunction or Temporary Restraining Order (Doc. 31).[1] For the reasons set forth below, this motion is **DENIED**.

### BACKGROUND

Plaintiff James M. Worthem, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed a complaint in this **42 U.S.C. § 1983** action alleging that a number of IDOC officials failed to protect him from assault by two other inmates in July 2007, in violation of the Eighth Amendment. Upon threshold review, the Court determined that Plaintiff had stated a failure-to-protect claim against Defendants Johnson, MacDonald, Bradley, and Dallas (Doc. 23). Plaintiff now seeks injunctive relief against other IDOC officials to prevent them from exposing him to a risk of harm.

---

[1] Plaintiff is now represented by counsel, but he filed the pending motion before his appointed attorney had entered an appearance in the case.

In an affidavit submitted with the motion, Plaintiff explains that he was an FBI informant in federal cases against a number of gang-affiliated criminal defendants. He claims he is now in danger of physical harm by IDOC inmates who are members of the same gang. Plaintiff claims that the inmates who assaulted him in July 2007 are affiliated with this gang. At some point after that assault, Plaintiff was placed in protective custody in the Special Management Unit of the Illinois River Correctional Center ("IRCC"). In May 2009, Plaintiff was transferred from IRCC to Pontiac Correctional Center. He was assigned a job in the segregation unit in the same gallery where one of the inmates who assaulted him in July 2007 was housed. Although he was removed from that job after he complained to prison officials, he states that the gang members are now aware of his location at Pontiac and are making threats to his life.

He includes with the motion copies of grievances he filed on June 6, 14, and 21, 2009, regarding his on-the-job exposure to inmates who have threatened him, and his concerns for his safety at Pontiac. A grievance counselor, Ruskin, responded to each grievance, indicating that the known enemy had been moved to a different housing unit, that Plaintiff was unassigned from his job in segregation, and that "every precaution is being taken to ensure [his] safety." The counselor advised Plaintiff to request protective custody placement, "which will be supported by administration" (Doc. 31, pp. 18-23).

Plaintiff seeks injunctive relief against Lt. Dalbach, Assistant Warden Joseph Mathy, Assistant Warden Hardy, Superintendent Melvin, I/A Gabor, Intel Officer Vilt,

and Chief Intel Official Brady Curry. He requests that he be returned to protective custody placement in the Special Management Unit at the IRCC, the safest custody placement in Illinois. If he cannot be transferred to the IRCC, he asks that he be placed in an out-of-state prison in high priority protective custody. He seeks an order preventing IDOC officials from harassing and retaliating against him for filing grievances and lawsuits, from placing him in dangerous situations, and from providing information of his whereabouts on the internet.

## ANALYSIS

Plaintiff seeks injunctive relief against individuals who are not defendants in the action. There is no indication in the record that these individuals have received any notice of Plaintiff's motion. A Temporary Restraining Order may issue without notice only when a party shows "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." **Fed. R. Civ. P. 65(b)(1).** Plaintiff has not shown that immediate and irreparable injury will result before the adverse party can be heard. In fact, the exhibits Plaintiff submits with his motion indicate that each time he has complained about his exposure to his enemies, the prison relocated that enemy, reassigned Plaintiff's job, and encouraged him to seek protective custody.

Plaintiff also seeks a preliminary injunction. To prevail on a motion for preliminary injunction, Plaintiff must show that he is reasonably likely to succeed on the merits, that no adequate remedy at law exists, and that he will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent

will suffer if the injunction is granted, and that the injunction will not harm the public interest. *Joelner v. Village of Washington Park, Illinois*, 378 F.3d 613, 619 (7th Cir. 2004). *See also Incredible Technologies, Inc. v. Virtual Technologies, Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005). If Plaintiff meets this initial burden, "then the inquiry becomes a 'sliding scale' analysis where these factors are weighed against one another." *Joelner*, 378 F.3d at 619. Rule 65(d) states that any order made pursuant to the rule must be specific and "is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise."

Plaintiff's motion is also governed by the Prisoner Litigation Reform Act. *See* **18 U.S.C. §3626(a).** Under the PLRA, preliminary injunctive relief can be ordered only if the relief is "narrowly drawn, extend[s] no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." **18 U.S.C. §3626(a)(2).** "A preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Boucher v. School Board of the School District of Greenfield*, 134 F.3d 821, 823 (7th Cir. 1998) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)) (other citations omitted). The burden is upon the plaintiff to show that he is entitled to a preliminary injunction. *Boucher*, 134 F.3d at 823.

4

As stated above, it is problematic that Plaintiff seeks injunctive relief against parties who are not defendants in this lawsuit. Even if they were, Plaintiff has still not shown he is likely to succeed on the merits of issues raised in the motion. Although he states he is being placed in harm's way by IDOC officials, the documents he submits with the motion indicate that officials are responding to his grievances about his safety.

Moreover, an adequate remedy at law exists to address Plaintiff's claims. He may file an amended complaint naming these individuals or he may file a separate lawsuit against them. Regarding the third *Joelner* factor in which the Court must weigh the harm Plaintiff would suffer absent injunctive relief against the harm to the respondent, the law is well-settled that decisions about where inmates will be housed are left to the discretion of prison administrators. **See McKune v. Lile, 536 U.S. 24, 39 (2002)**. Furthermore, the Court is always wary of involving itself in the day-to-day administration of prisons. "Federal judges must always be circumspect in imposing their ideas about civilized and effective prison administration on state prison officials. The Constitution does not speak with precision to the issue of prison conditions (that is an understatement); federal judges know little about the management of prisons; managerial judgments generally are the province of other branches of government than the judicial; and it is unseemly for federal courts to tell a state . . . how to run its prison system." **Scarver v. Litscher**, **434 F.3d 972, 976-77 (7th Cir. 2006) (quoting *Duran v. Elrod*, 760 F.2d 756, 759 (7th Cir.1985))**.

In balancing these interests, the Court concludes that a preliminary injunction is not warranted in this case.

This does not mean that Plaintiff has no recourse to obtain relief on the claims, he just cannot obtain it here, on this motion.  Plaintiff is encouraged to work with his appointed counsel to determine whether his complaint should be amended or a new lawsuit filed against the individuals he claims are exposing him to a risk of harm.

## CONCLUSION

Based on all the foregoing, Plaintiff's Motion for Preliminary Injunction or Temporary Restraining Order (Doc. 31) is **DENIED**.

**DATED:** March 18, 2010

/s/ David R Herndon

**Chief Judge**
**United States District Court**