IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JAMES WORTHEM (#B12624),**

**Plaintiff,**

**v.**

**ROGER E. WALKER, JR., et al.,**

**Defendants.**                                                        **No. 08-385-DRH**


**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

### I. Introduction

Before the Court is Defendants' Motion for Summary Judgment (Docs. 76 & 77) filed by Defendants Jason Bradley, Alan Dallas, Yolande Johnson, and Richard McDonald. Specifically, Defendants argue that summary judgment should be granted in their favor because Defendants were not deliberately indifferent to Plaintiff's safety as they took steps to protect Plaintiff. Further, Defendants argue that they are entitled to qualified immunity. Plaintiff initially failed to file a Response and this Court Ordered Plaintiff's attorney to show cause why summary judgment should not be entered in Defendants' favor for failure to respond (Doc. 84). Instead of responding to the merits of Defendants' motion for summary judgment, Plaintiff instead filed a response stating that the summary judgment motion should be granted because it had been determined the Plaintiff's grievance was not filed within

sixty (60) days of the underlying incident and thus he had failed to exhaust his administrative remedies (Doc. 85). However, Plaintiff's Response failed to address the merits of Defendants' current motion for summary judgment on the issue of deliberate indifference. Instead, Plaintiff merely stated that the summary judgment motion was conceded because Plaintiff failed to exhaust his administrative remedies. As Plaintiff has failed to address the merits of the current motion, the Court considers the failure an admission of the merits of the summary judgment motion. *See* LOCAL RULE **7.1(c) ("Failure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion.")**. Thus, the Court **GRANTS** Defendants' motion for summary judgment (Docs. 76 & 77).

## II. Factual Background

Plaintiff has not denied nor objected to Defendants' statement of the facts. Plaintiff's action stems from an incident which roots began at the Pinckneyville Correctional Center. Plaintiff was working with the FBI before arriving at Pinckneyville and inmates at Pickneyville threatened him because of his cooperation. In particular inmate Padilla threatened Plaintiff on June 22, 2007 while in the "chow" hall (Ex. A at pp. 11-12). On June 23, 2007, Plaintiff picked Padilla's photo out of a photo line-up in front of Internal Affairs and informed them that it was Padilla who had threatened him, which Defendant MacDonald informed Plaintiff that he would investigate (*Id*. at p. 13). On June 27, Plaintiff was again threatened by Padilla (*Id*.

at p. 15). Subsequently, he talked to Defendant Bradley on the phone about the threats and Defendant Bradley informed Plaintiff that he would investigate (*Id*. at pp. 15-16). Again on July 13, 2007, Padilla, along with another inmate Mercado, threatened Plaintiff in the prison yard (*Id*. at pp. 18-19). On July 14, 2007, Plaintiff was again threatened by Mercado and other inmates at his cell (*Id*. at p. 19). On the evening of July 14, 2007, Plaintiff was informed by an unknown Internal Affairs agent that phone calls had been intercepted indicating that Plaintiff's life was in danger and on July 15, 2007 Plaintiff was told by Defendant MacDonald that he would be going on an emergency transfer (*Id*. at pp. 20-21). Later that same day, Plaintiff again met with Defendant MacDonald who informed him that he was being placed on a mandatory emergency transfer to Lawrence Correctional Center immediately and that he would remain in segregation (*Id*. at pp. 21-22). MacDonald also informed Plaintiff that he had informed the FBI of the transfer (*Id*.).

Plaintiff was placed on a transfer to Lawrence Correctional Center. On July 16, 2007, Plaintiff met with Defendant Dallas in internal affairs who informed him he would remain in segregation till the investigation at Pickneyville was completed (*Id*. at p. 23). On July 25, 2007, Plaintiff was informed that he was being transferred to Skokie for a July 27, 2007 court date (*Id*. at p. 24). He was taken to the "transfer pad" at Logan Correctional Center and while Plaintiff was waiting for the transfer bus, he was attacked by several inmates including Mercado and Padilla (*Id*. at pp. 24-27).

### III.  Discussion

#### A.  Summary Judgement Standard

Summary judgment is appropriate under the **FEDERAL RULES OF CIVIL PROCEDURE** when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." **FED. R. CIV. P. 56(c);** *Celotex Corp. v. Catrett*, **477 U.S. 317, 322 (1986).** The movant bears the burden of establishing the absence of factual issues and entitlement to judgment as a matter of law. *Wollin v. Gondert*, **192 F.3d 616, 621-22 (7th Cir. 1999).** The Court must consider the entire record, drawing reasonable inferences and resolving factual disputes in favor of the non-movant. *Schneiker v. Fortis Inc. Co.*, **200 F.3d 1055, 1057 (7th Cir. 2000);** *Baron v. City of Highland Park*, **195 F.3d 333, 337-38 (7th Cir. 1999);** *Santaella*, **123 F.3d at 461 (citing** *Celotex*, **477 U.S. at 323);** *Regensburger v. China Adoption Consultants, Ltd.*, **138 F.3d 1201, 1205 (7th Cir. 1998) (citing** *Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 255 (1986)).** While the Court may not "weigh evidence or engage in fact-finding" it must determine if a genuine issue remains for trial. *See Lewis v. City of Chicago*, **496 F.3d 645, 651 (7th Cir. 2007)**.

In response to a motion for summary judgment, the non-movant may not simply rest on the allegations as stated in the pleadings; rather, the non-movant must show through specific evidence that an issue of fact remains on matters for

which the non-movant bears the burden of proof at trial. ***Walker v. Shansky*, 28 F.3d 666, 670-71 (7th Cir. 1994),** *aff'd,* **51 F.3d 276 (citing *Celotex*, 477 U.S. at 324)**. No issue remains for trial "unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted." ***Anderson*, 477 U.S. at 249-50 (citations omitted);** *accord **Starzenski v. City of Elkhart*,* **87 F.3d 872, 880 (7th Cir. 1996); *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 178 (7th Cir. 1994)**. In other words, "inferences relying on mere speculation or conjecture will not suffice." ***Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009) (citation omitted);** *see also **Anderson*,* **477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant].")**. Instead, the non-moving party must present "definite, competent evidence to rebut the [summary judgment] motion." ***EEOC v. Sears, Roebuck & Co.*, 233 F.3d 432, 437 (7th Cir. 2000) (citation omitted).**

**B. Analysis**

Defendants argue, and Plaintiff does not deny, that they were not deliberately indifferent to Plaintiff's safety because they took steps to protect Plaintiff from those inmates who threatened his safety. Under the Eighth Amendment, prison officials can be held liable for injuries to prisoners at the hands of others if the

Plaintiff shows "he is incarcerated under conditions posing a substantial risk of serious harm" and the prison officials were deliberately indifferent to the prisoner's safety. **Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)**. A prison official can only be found liable when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." **Boyce v. Moore, 314 F.3d 884, 888 (7th Cir. 2002) (quoting Farmer, 511 U.S. 837, 114 S.Ct. 1970)**. "The deliberate indifference test...has both objective and subjective prongs, the former requiring a grave risk and the latter requiring actual knowledge of that risk. **Dale v. Poston, 548 F.3d 563, 569 (7th Cir. 2008)**. While not every attack on an inmate by another inmate constitutes a violation of the Eighth Amendment by the prison official, once the official has knowledge of the risk, he has "an obligation 'to take reasonable measures to abate it.'" **Id. (quoting Borello v. Allison, 446 F.3d 742, 747 (7th Cir. 2006)**. However, an officials response can still be considered reasonable even if an attack by another inmate still occurs after the reasonable measures have been implemented. **Id**.

Here, Defendants argue, and Plaintiff does not deny, that Defendants were not deliberately indifferent. While they did know of the threats to Plaintiff by Padilla, Mercado, and others, they investigated those claims thoroughly by bringing Plaintiff to the Internal Affairs office and having Plaintiff point out those involved in

harassing him. Once the identities of the potential offenders had been determined, Defendants did investigate the matter, coming to the conclusion that the threats were real and they sought to protect Plaintiff by transferring him on a mandatory emergency transfer to another correctional facility were he was held in segregation for his protection. All Defendants took proper steps to protect Plaintiff and ensure his safety. While Plaintiff was unfortunately attacked by inmates, including Padilla and Mercado, that attack does not make the measures taken by Defendants unreasonable. *See Dale*, **548 F.3d at 569**. Further, Defendants had no knowledge that Plaintiff was being transferred through the "transfer pad" at Logan Correctional Center or that Padilla and Mercado would be present at the same time that Plaintiff was being transferred. Plaintiff fails to point to any evidence of knowledge on the part of the Defendants regarding Plaintiff's transfer or the location of the other inmates at the time of Plaintiff's transfer. As Defendants did not know of the risk of harm that Plaintiff faced on his transfer on the day in question and Defendants took reasonable measures to protect Plaintiff against the issues that they did have knowledge of, the Court finds that Defendants were not deliberately indifferent. Thus, the Court finds that Defendants' motion for summary judgment (Doc. 76) should be **GRANTED**.

### IV.  Conclusion

Accordingly, the Court **GRANTS** Defendants' motion for summary judgment (Doc. 76). Further, the Court **DENIES as moot** Plaintiff's motion for status

update (Doc. 83). The Court **DIRECTS** the Clerk of the Court to enter Judgment accordingly.

**IT IS SO ORDERED.**

Signed this 24th day of November, 2010.

David R. Herndon
2010.11.24
14:18:14 -06'00'

**Chief Judge
United States District Court**